UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
JAHI HASANATI,
          Petitioner,

          v.                    07 CV 3945 (SJ)

                                  MEMORANDUM
                                  AND ORDER

CAMERON LINDSAY,

          Respondent.
------------------------------X

A P P E A R A N C E S

JAHI HASANATI, *PRO SE*
74558-053
100 29th Street
Brooklyn, NY 11232

JOHNSON, Senior District Judge:

    Before the Court is petitioner Jahi Hasanati's ("Petitioner" or "Hasanati") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition").

    On October 20, 2006, Petitioner was arraigned under Docket No. 05-CR-209, on seventeen counts of filing false tax returns (in violation of 18 U.S.C. § 287). On October 25, 2006, Petitioner was ordered into pre-trial detention.

    On September 18, 2007, while still in pre-trial detention at the Metropolitan Detention Center ("MDC"), Hasanati filed the Petition, challenging his pre-trial detention, as well as the conditions thereof, and requesting that the

1

Court "enter an Order for [Petitioner's] immediate release on his own recognizance, or that the Court set such reasonable bond as it deems just."[1]

Following his guilty plea, Petitioner was released on bail on December 18, 2007. Subsequently, on February 8, 2008, he was sentenced to time served and three years of supervised release and directed to pay $46,140.00 in restitution and a $1,700.00 special assessment. That judgment is currently pending on appeal before the Court of Appeals for the Second Circuit.

Hasanati's Petition seeks relief from pre-trial detention. Because Petitioner was subsequently released on bail and is no longer incarcerated, the Petition is moot. See Razzoli v. U.S. Parole Comm'n, No. 03-2651, 2004 WL 2367965, at *1 (2d Cir. Oct. 20, 2004) (dismissing petition where petitioner had subsequently been released and had shown no collateral consequences that the court could redress through habeas corpus); Hanson v. Superior Court, No. 07-CV-608, 2007 WL 4322763, at *1-2 (D. Conn. Dec. 10, 2007) (concluding that petition challenging pre-trial detention was mooted by petitioner's subsequent conviction); Sango v. Reno, No. 00 CIV. 7983, 2001 WL 1223427, at *2-3 (S.D.N.Y. Oct. 15, 2001) (holding that petition challenging pre-deportation detention without bail was moot following petitioner's deportation).

The Petition is therefore DENIED as moot. No certificate of appealability will issue because "jurists of reason" could not debate the absence of a case or

---

[1] Petitioner also filed two unsuccessful civil actions pursuant to 42 U.S.C. § 1983 challenging the conditions of his detention at the MDC. See Docket No. 07-CV-1219 (ARR) (LB); Docket No. 07-CV-3509 (ARR) (LB).

2

P-049

controversy in this instance. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (holding that when a habeas petition is dismissed on procedural grounds, a certificate of appealability should issue if reasonable jurists could debate the district court's ruling). The Clerk of Court is directed to close this case.

SO ORDERED.

DATED: June 1**, 2009  /S/
Brooklyn, New York  Sterling Johnson, Jr, U.S.D.J.